UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON D. BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>NORTH KERN STATE PRISON,<br><br>    Respondent. | Case No.  1:20-cv-01068-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS SECOND OR SUCCESSIVE<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

    Petitioner Kenyon D. Brown, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Petitioner was convicted of robbery, personal use of a deadly weapon, and animal cruelty in 2019. ECF No. 1 at 1. Petitioner seeks relief from the living conditions and good time

credit policies of his prison arising from the COVID-19 pandemic.[1] ECF No. 1 at 4. Moreover, petitioner claims that errors during his criminal sentencing rendered his sentence excessive and seeks early parole. *Id*. at 4-5. We recommend that the petition be dismissed as second or successive.

**Discussion**

"AEDPA places strict limitations on the ability of a petitioner held pursuant to a state judgment to file a second or successive federal petition for writ of habeas corpus." *Gonzalez v. Sherman*, 873 F.3d 763, 767 (9th Cir. 2017) (citing 28 U.S.C. § 2244(b)(1)). A claim presented in a "second or successive" petition under § 2254 that was presented in a prior petition "shall" be dismissed. *See* 28 U.S.C. § 2244(b)(1); *Magwood v. Patterson*, 561 U.S. 320, 330 (2010). A "claim 'is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal argument . . . [or] proved by different factual allegations.'" *Gulbrandson v. Ryan*, 738 F.3d 976, 997 (9th Cir. 2013) (as amended) (quoting *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999)). However, a petitioner may file a second or successive petition in the district court if he first obtains an order from the Ninth Circuit Court of Appeals authorizing such a filing. *See* 28 U.S.C. § 2244(b)(3)(A); *Magwood*, 561 U.S. at 330-31; *Henry v. Spearman*, 899 F.3d 703, 705 (9th Cir. 2018).

On July 29, 2020, petitioner sought habeas relief in this court. *See Brown v. North Kern State Prison Warden*, No. 1:20-cv-01043-EPG (E.D. Cal. July 20, 2020). In that petition, just as in the instant petition, petitioner sought relief from his 2019 conviction and claimed that his sentence is excessive, that the conditions and policies at his prison violate his constitutional rights, and that he should be granted early parole. *Id*. Because the "basic thrust or gravamen" of petitioner's claims are the same between the two petitions, *Gulbrandson*, 738 F.3d at 997,

---

[1] Petitioner is forewarned that under § 2254, a writ of habeas corpus is available to state prisoners challenging the fact or duration of their confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). "Requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

petitioner must have permission from the Ninth Circuit to proceed with the instant petition. Petitioner has presented no proof that he obtained such authorization. Therefore, we recommend that the petition be dismissed.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a District Court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the petition be dismissed, ECF No. 1, and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and

Recommendations." The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:   August 10, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.