1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      KENYON D. BROWN,                          Case No.   1:20-cv-01068-NONE-JDP

12                        Petitioner,             ORDER VACATING FINDINGS AND
                                                  RECOMMENDATIONS TO DISMISS
13           v.                                   PETITION AS SECOND OR SUCCESSIVE

14      NORTH KERN STATE PRISON,                  ECF No. 7

15                        Respondent.             FINDINGS AND RECOMMENDATIONS TO
                                                  DISMISS PETITION AS DUPLICATIVE OF
16                                                CASE NUMBER 1:20-cv-01043-NONE-EPG

17                                                OBJECTIONS DUE IN THIRTY DAYS

18                                                ECF No. 1

19

20           Petitioner Kenyon D. Brown, a state prisoner without counsel, filed his petition for a writ

21      of habeas corpus under 28 U.S.C. § 2254 on August 3, 2020.  ECF No. 1.  On August 11, 2020, I

22      entered findings and recommendations to dismiss the petition as second or successive.  ECF No.

        7.  Petitioner objects, ECF Nos. 9, 10, and I find his objection well taken; I will vacate my initial
23
        findings and recommendations.  Dismissal remains appropriate, however, because the petition is
24
        duplicative of a previously filed petition pending before this court.
25
             This matter is before the court for preliminary review under Rule 4 of the Rules
26
        Governing Section 2254 Cases.  Under Rule 4, a district court must dismiss a habeas petition if it
27
        "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d
28

                                                       1

1   687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  Courts have

2   "an active role in summarily disposing of facially defective habeas petitions" under Rule 4.  *Ross*

3   *v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).  Petitioner was convicted of

4   robbery, personal use of a deadly weapon, and animal cruelty in 2019.  ECF No. 1 at 1.  Petitioner

5   seeks relief from the living conditions and good time credit policies of his prison arising from the

6   COVID-19 pandemic.[1]  ECF No. 1 at 4.  Moreover, petitioner claims that errors during his

7   criminal sentencing rendered his sentence excessive and seeks early parole.  *Id*. at 4-5.  I

8   recommend that the petition be dismissed without prejudice as duplicative.

9   **Discussion**

10      "It is well established that a district court has broad discretion to control its own docket,

11  and that includes the power to dismiss duplicative claims."  *M.M. v. Lafayette Sch. Dist.*, 681 F.3d

12  1082, 1091 (9th Cir. 2012) (citing *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688-

13  89 (9th Cir. 2007).  "After weighing the equities of the case, the district court may exercise its

14  discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the

15  previously filed action, to enjoin the parties from proceeding with it, or to consolidate both

16  actions."  *Adams*, 487 F.3d at 688.  "Plaintiffs generally have no right to maintain two separate

17  actions involving the same subject matter at the same time in the same court and against the same

18  defendant."  *Id.* (citation omitted).  In "assessing whether the second action is duplicative of the

19  first, we examine whether the causes of action and relief sought, as well as the parties or privies

20  to the action, are the same."  *Id.* at 689.

21      On July 29, 2020, petitioner sought habeas relief in this court.  *See Brown v. North Kern*

22  *State Prison Warden*, No. 1:20-cv-01043-NONE-EPG (E.D. Cal. July 20, 2020).  In that petition,

23  just as in the instant petition, petitioner sought relief from his 2019 conviction and claimed that

24  his sentence is excessive, that the conditions and policies at his prison violate his constitutional

25  _____

26  [1] Petitioner is forewarned that under § 2254, a writ of habeas corpus is available to state prisoners
    challenging the fact or duration of their confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 481
27  (1994).  "Requests for relief turning on circumstances of confinement may be presented in a [42
    U.S.C.] § 1983 action."  *Muhammad v. Close*, 540 U.S. 749, 750 (2004).
28

1   rights, and that he should be granted early parole.  *Id.*  Here, the parties, claims, and relief sought

2   match those in the previously filed lawsuit.  Accordingly, I find this petition for writ of habeas

3   corpus should be dismissed as duplicative.

4   **Certificate of Appealability**

5        A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district

6   court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253;

7   *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254 Cases

8   requires a District Court to issue or deny a certificate of appealability when entering a final order

9   adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d

10  1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds

11  without reaching the underlying constitutional claims, the court should issue a certificate of

12  appealability "if jurists of reason would find it debatable whether the petition states a valid claim

13  of the denial of a constitutional right and that jurists of reason would find it debatable whether the

14  district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

15  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of

16  the case, a reasonable jurist could not conclude either that the district court erred in dismissing the

17  petition or that the petitioner should be allowed to proceed further."  *Id.*  Here, reasonable jurists

18  would not find our conclusion debatable or conclude that petitioner should proceed further.  Thus,

19  the court should decline to issue a certificate of appealability.

20  **Order**

21       The August 11, 2020 findings and recommendations are hereby vacated.  ECF No. 7.

22  **Findings and Recommendations**

23       I recommend that the petition be dismissed without prejudice as duplicative of No. 1:20-

24  cv-01043-NONE-EPG, and that the court decline to issue a certificate of appealability.  I submit

25  the findings and recommendations to the U.S. District Court judge who will be assigned to the

26  case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United

27  States District Court, Eastern District of California.  Within thirty days of the service of the

28  findings and recommendations, petitioner may file written objections to the findings and

1    recommendations with the court and serve a copy on all parties.  That document must be

2    captioned "Objections to Magistrate Judge's Findings and Recommendations."  The assigned

3    district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

4
     IT IS SO ORDERED.
5

6
     Dated:    September 17, 2020                    _____
7                                                    UNITED STATES MAGISTRATE JUDGE

8

9    No. 204.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                4