UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON D. BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>NORTH KERN STATE PRISON,<br><br>    Respondent. | No. 1:20-cv-01068-NONE-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE<br><br>(Doc. Nos. 1, 11, 15, 17, 18) |

On August 3, 2020, petitioner Kenyon D. Brown, a state prisoner, filed the instant *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2019 state court criminal conviction, even though he had filed the same habeas petition with this court months earlier. (Doc. Nos. 1; 11 at 2 (citing *Brown v. North Kern State Prison Warden*, No. 1:20-cv-01043-NONE-EPG (E.D. Cal. July 20, 2020).) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge. On September 17, 2020, the assigned magistrate judge found the instant habeas petition to be duplicative and recommended that it be dismissed. (Doc. No. 11.) Petitioner has twice filed objections to those findings and recommendations. (Doc. Nos. 12, 13.)

Pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has reviewed this case *de novo*. Having reviewed petitioner's objections, the court finds that petitioner fails to meaningfully address the magistrate judge's reasoning and conclusion that the instant habeas

petition is duplicative.  The court further finds that the pending findings and recommendations are supported by the record and proper analysis and will adopt the findings and recommendations.

The court must now turn to whether a certificate of appealability should be issued.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations (Doc. No. 11), issued on September 17, 2020, are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;
3. All other pending motions (Doc. Nos. 15, 17, 18) are also DISMISSED as moot;
4. The court DECLINES to issue a certificate of appealability; and
5. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **January 11, 2021**

UNITED STATES DISTRICT JUDGE